UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :

DIBA FAMILY LIMITED PARTNERSHIP AND    :
170 EAST 75TH LLC,                        :
                                 :

              Plaintiffs,         :         13 Civ. 6384 (LGS) (JLC)
                                 :

      - against -                :

DAVID ROSS AND HELEN WERNGREN-ROSS,  :

            Defendants.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW OF DEFENDANTS DAVID ROSS AND HELEN WERNGREN-ROSS IN SUPPORT OF MOTION TO DISMISS

### SULLIVAN & WORCESTER LLP

1633 Broadway
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001

*Attorneys for Defendants David Ross
and Helen Werngren-Ross*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................1

STATEMENT OF FACTS .............................................................................................1

ARGUMENT .................................................................................................................3

I.      STANDARD OF REVIEW ..................................................................................3

II.     THE CAUSE OF ACTION FOR PRIMA FACIE TORT MUST BE DISMISSED...........4

       A.  A Lawsuit Cannot Serve As A Basis For Plaintiffs' Claim.................................4

       B.  Plaintiffs' Claim Is Barred By The Applicable Statute of Limitations .......................5

           (i)   Lawsuit..................................................................................................5

           (ii)  Sale of Property.....................................................................................6

           (iii) Alleged Lost Rent ................................................................................6

       C.  Plaintiffs Fail To Allege The Requisite Intentional Infliction Of Harm ......................7

       D.  Plaintiffs Fail To Allege Lack Of Excuse Or Justification ............................................7

       E.  Plaintiffs Fail To Plead Special Damages With Particularity .........................................8

III.    THE CAUSE OF ACTION FOR ATTORNEY'S FEES MUST BE DISMISSED............9

       A.  Housing Court Case ..........................................................................................9

       B.  Administrative Proceeding Before The DHCR............................................................12

IV.    THE REQUEST FOR PUNITIVE DAMAGES MUST BE DISMISSED ......................13

V.     ANY REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED AS FUTILE.......14

CONCLUSION............................................................................................................15

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ........................................................................................ 1

ARGUMENT ............................................................................................................ 3

I.    STANDARD OF REVIEW .............................................................................. 3

II.   THE CAUSE OF ACTION FOR PRIMA FACIE TORT MUST BE DISMISSED ........... 4

      A.  A Lawsuit Cannot Serve As A Basis For Plaintiffs' Claim ............................ 4

      B.  Plaintiffs' Claim Is Barred By The Applicable Statute of Limitations ......................... 5

            (i)    Lawsuit ........................................................................................... 5

            (ii)   Sale of Property .............................................................................. 6

            (iii)  Alleged Lost Rent .......................................................................... 6

      C.  Plaintiffs Fail To Allege The Requisite Intentional Infliction Of Harm ....................... 7

      D.  Plaintiffs Fail To Allege Lack Of Excuse Or Justification ............................ 7

      E.  Plaintiffs Fail To Plead Special Damages With Particularity ......................... 8

III.  THE CAUSE OF ACTION FOR ATTORNEY'S FEES MUST BE DISMISSED ............ 9

      A.  Housing Court Case ...................................................................................... 9

      B.  Administrative Proceeding Before The DHCR ............................................ 12

IV.   THE REQUEST FOR PUNITIVE DAMAGES MUST BE DISMISSED .................... 13

V.    ANY REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED AS FUTILE ....... 14

CONCLUSION ...................................................................................................... 15

# TABLE OF AUTHORITIES

Cases

*10 Ellicott Square Court Corp. v. Violet Realty, Inc.*,
   81 A.D.3d 1366 (4th Dep't 2011) ................................................................ 6

*151 West Assocs. v. Printsiples Fabric Corp.*,
   61 N.Y.2d 732 (1984) ............................................................................. 13

*222 Bloomingdale Rd. Assocs. v. NYNEX Props. Co.*,
   269 A.D.2d 525 (2d Dep't 2000) .............................................................. 10

*930 Fifth Corp. v. King*,
   42 N.Y.2d 886 (1977) ............................................................................. 10

*Allen v. McCurry*,
   449 U.S. 90 (1980) ................................................................................ 11

*Andrews 44 Coffee Shops Inc. v. TST/TMW 405 Lexington, L.P.*,
   40 A.D.3d 544 (1st Dep't 2007) .............................................................. 12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................ 3, 4

*Battery Park City Auth. v. Sikula*,
   213 A.D.2d 273 (1st Dep't 1995) ............................................................ 12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................ 3, 4

*Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*,
   369 F.3d 212 (2d Cir. 2004) .................................................................... 1

*Bohm v. Holzberg*,
   47 A.D.2d 764 (2d Dep't 1975) ............................................................... 14

*Brandt v. Winchell*,
   3 N.Y.2d 628 (1958) ............................................................................. 14

*Broadway & 67th St. Corp. v. City of New York*,
   100 A.D.2d 478 (1st Dep't 1984) .............................................................. 8

*Brown v. Mitchell-Innes & Nash, Inc.*,
   No. 06 Civ. 7871, 2009 WL 1108526 (S.D.N.Y. Apr. 24, 2009) ...................... 7

*Bryant v. N.Y. State Educ. Dep't*,
   693 F.3d 202 (2d Cir. 2012) .................................................................... 1

*Burns Jackson Miller Summit & Spitzer v. Lindner*,
   59 N.Y.2d 314 (1983) ................................................................................ 7

*Century Factors, Inc. v. New Plan Realty Corp.*,
   41 N.Y.2d 1040 (1977) .............................................................................. 10

*Chessin v. N.Y.C. Conciliation & Appeals Bd.*,
   100 A.D.2d 297 (1st Dep't 1984) ............................................................. 12

*Curiano v. Suozzi*,
   63 N.Y.2d 113 (1984) ................................................................................ 4

*Cusimano v. United Health Servs. Hosps., Inc.*,
   91 A.D.3d 1149 (3d Dep't 2012) ............................................................... 8

*DiSanto v. Forsyth*,
   258 A.D.2d 497 (2d Dep't 1999) ............................................................... 8

*Don Buchwald & Assocs., Inc. v. Rich*,
   281 A.D.2d 329 (1st Dep't 2001) ............................................................. 14

*Dunnan v. Dunnan*,
   293 A.D.2d 345 (1st Dep't 2002) ............................................................. 11

*Durham Indus., Inc. v. North River Ins. Co.*,
   673 F.2d 37 (2d Cir. 1982) ........................................................................ 8

*East 55th St. Joint Venture v. Litchman*,
   126 Misc. 2d 1049 (1st Dep't 1984) ........................................................ 13

*Ellis v. Chao*,
   336 F.3d 114 (2d Cir. 2003) .................................................................... 14

*Estate of Gottdiener v. Sater*,
   No. 13 Civ. 1824 (LGS), 2014 WL 1100133 (S.D.N.Y. Mar. 19, 2014) ................................ 15

*Gerloff v. Hostetter Schneider Realty*,
   No. 12 Civ. 9404 (LGS), 2014 WL 1099814 (Mar. 20, 2014) .................................... 1

*Ginsberg v. Ginsberg*,
   84 A.D.2d 573 (2d Dep't 1981) ................................................................. 4

*Greenwich Life Settlements, Inc. v. ViaSource Funding Group, LLC*,
   742 F. Supp. 2d 446 (S.D.N.Y. 2010) ...................................................... 11

*Havell v. Islam*,
   292 A.D.2d 210 (1st Dep't 2002) ............................................................... 5

*Howard v. Block*,
    90 A.D.2d 455 (1st Dep't 1982) ............................................................ 4, 5, 9

*Landmark Props. v. Olivo,*,
    62 A.D.2d 959 (1st Dep't 2009) ............................................................... 10

*Marcella v. ARP Films, Inc.*,
    778 F.2d 112 (2d Cir. 1985) .................................................................... 8

*Margrabe v. Sexter & Warmflash, P.C.*,
    No. 07-CV-2798, 2009 WL 361830 (S.D.N.Y. Feb. 11, 2009)..................................... 4-5

*Matherson v. Marchello*,
    100 A.D.2d 233 (2d Dep't 1984) ............................................................ 8-9

*McCarthy v. Dun & Bradstreet Corp.*,
    482 F.3d 184 (2d Cir. 2007) ................................................................... 14

*Medallion Auto Inc. v. Sanders*,
    272 A.D.2d 85 (1st Dep't 2000) ............................................................... 13

*Mo v. Chan*,
    17 A.D.3d 356 (2d Dep't 2005) ................................................................. 5

*Notre Dame Leasing Ltd. P'Ship v. Division of Housing & Cmty. Renewal*,
    22 A.D.2d 667 (2d Dep't 2005) ............................................................... 13

*Nevin v. Citibank, N.A.*,
    107 F. Supp. 2d 333 (S.D.N.Y. 2000) ...................................................... 4, 8

*O'Connell v. 1205-15 First Ave. Assocs., LLC*,
    28 A.D.3d 233 (1st Dep't 2006) ............................................................... 10

*Pearlman v. Friedman Alpren & Green LLP*,
    300 A.D.2d 203 (1st Dep't 2002) ............................................................. 14

*Reed Co. v. International Container Corp.*,
    43 F. Supp. 644 (1942) ........................................................................ 6

*Rizzo v. N.Y. State Div. of Hous. & Cmty. Renewal*,
    16 A.D.3d 72 (1st Dep't 2005) ................................................................ 13

*Roberts v. Pollack*,
    92 A.D.2d 440 (1st Dep't 1983) ............................................................... 7

*Romano v. SLS Residential Inc.*,
    No. 07 Civ. 2034 (MHD), 2014 WL 667479 (S.D.N.Y. Feb. 14, 2014) .................................. 13

*Russek v. Dag Media Inc.*,
    47 A.D.3d 457 (1st Dep't 2008) .................................................................. 5

*Smith v. Local 819 I.B.T. Pension Plan*,
    291 F.3d 236 (2d Cir. 2002) ...................................................................... 7

*Spear v. Town of West Hartford*,
    954 F.2d 63 (2d Cir. 1993) ...................................................................... 13

*Ticketmaster Corp. v. Lidsky*,
    245 A.D.2d 142 (1st Dep't 1997) .............................................................. 8

*Twin Labs., Inc. v. Weider Health & Fitness*,
    900 F.2d 566 (2d Cir. 1990) ...................................................................... 7

*Wavetree Corp. v. 136 Waverly Assocs.*,
    258 A.D.2d 392 (1st Dep't 1999) ............................................................ 11

*Winderbaum v. Winderbaum*,
    39 Misc. 2d 478 (Sup. Ct. Bronx County 1963) ...................................... 14

<u>Rules</u>

Fed. R. Civ. P. 12(b)(6).................................................................................. 3

**PRELIMINARY STATEMENT**

In this action, plaintiffs seek damages from defendants David Ross and Helen Werngren-Ross (hereafter, the "Rosses") following a nearly decade-long dispute concerning the regulatory status of an apartment initially leased in 2001 by plaintiffs' predecessor, Arthur Brandt ("Brandt"), to Helen Werngren.  The parties' dispute began in or about April 2005, when the Rosses filed a complaint with the New York State Division of Housing and Community Renewal, asserting that the apartment was subject to rent stabilization and seeking recovery of rent overcharges and other damages from Brandt.

In November 2005, Brandt furthered the dispute by commencing an eviction proceeding against the Rosses in the Civil Court of the City of New York, County of New York, Housing Part.  In or about 2012, the Rosses lost their final appeal regarding the regulatory status of the apartment.  The Rosses then agreed to vacate the apartment.

As set forth below, plaintiffs' claims find no support in the applicable case law that would entitle them to any relief.  As a result, the Court must dismiss the Second Amended Complaint in its entirety and without leave to replead.

**STATEMENT OF FACTS**[1]

Plaintiffs own the townhouse located at 170 East 75th Street in Manhattan (the "Property").  *See* Second Am. Compl., dated Dec. 18, 2013 (the "SAC"), ¶¶ 7-8.[2]  In or about

---

[1]  This statement of facts is based on the Second Amended Complaint's factual allegations, which for purposes of this motion to dismiss are assumed to be true. *See, e.g., Bryant v. N.Y. State Educ. Dep't*, 693 F.3d 202, 210 (2d Cir. 2012).  In addition to the allegations contained in the Second Amended Complaint, the Court may consider any documents that are either incorporated into it by reference or attached to it as exhibits. *See Gerloff v. Hostetter Schneider Realty*, No. 12 Civ. 9404 (LGS), 2014 WL 1099814, at *2 (Mar. 20, 2014) (quoting *Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004)).  The Court "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss." *Blue Tree Hotels*, 369 F.3d at 217.

[2]  A true and correct copy of the Second Amended Complaint is attached as Exhibit A to the Declaration of Harry H. Rimm, executed on May 13, 2014 (the "Rimm Decl."), and submitted in support of the Motion to Dismiss.

March 2001, Brandt, who was plaintiffs' predecessor and the prior owner of the Property, leased an apartment at the Property (the "Apartment") to Helen Werngren (the "Lease"). *See* SAC ¶¶ 9, 35; *see also* Rimm Decl., Ex. B.

On or about April 1, 2005, the Rosses filed a complaint with and submitted a letter to the New York State Division of Housing and Community Renewal (the "DHCR"), the administrative agency with relevant jurisdiction, arguing that the Apartment was subject to rent stabilization and setting forth claims for rent regulated coverage and illegal overcharges. *See* Rimm Decl., Ex. C.

In or about November 2005, Brandt decided not to renew the Rosses' lease and "commenced a housing court case to evict the Defendants" (the "Housing Court Case"). *See* SAC ¶¶ 11, 13, 38; *see also* Rimm Decl., Ex. D. Brandt sought to recover possession of the Apartment and "the reimbursement and recovery of legal fees incurred." *See* SAC ¶ 14; *see also* Rimm Decl. Ex., D. In opposition, the Rosses claimed that the Apartment was subject to rent regulation and that they had a right to receive a renewal lease. *See* SAC ¶¶ 15, 39. The Housing Court Case was stayed in favor of the administrative proceeding before the DHCR. *See* SAC ¶ 40.

During the pendency of the Housing Court Case, plaintiffs entered into a contract to sell the Property. *See* SAC ¶ 28. The contract provided that the purchase price for the Property would be $5.4 million if the Property were conveyed free of the Rosses' possession and would be $5.125 million if the Property were not so conveyed. *See* SAC ¶¶ 30-32. The Property "was sold and the deed delivered on December 7, 2011, at which time the [Rosses] continued in legal possession of the Property." SAC ¶ 33.

In August 2011, a Consent to Change Attorney was filed in the Housing Court Case, substituting Robert J. Gumenick ("Gumenick") as Brandt's attorney. *See* Rimm Decl., Ex. E. In October 2011, a decision from the Housing Court amended the Housing Court Case caption to substitute DIBA Family Limited Partnership and 170 East 75th LLC as petitioners for Brandt and noted that Gumenick was petitioners' new counsel. *See* Rimm Decl., Ex. F. As a result, on or about October 11, 2011, Gumenick filed a Notice of Appearance on behalf of DIBA Family Limited Partnership and 170 East 75th LLC in the Housing Court Case. *See* Rimm Decl., Ex. G.

On or about October 15, 2012, a Decision/Order was entered in the Housing Court Case indicating that execution was stayed pending the results of a hearing with respect to, among other things, attorney's fees to be awarded to petitioners. *See* Rimm Decl., Ex. H. On October 15, 2012, a Stipulation of Settlement was entered in the Housing Court Case providing for the entry of a money judgment representing an award of attorney's fees. *See* Rimm Decl., Ex. I.

## ARGUMENT

### I.    STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 544). While "detailed factual allegations" are not required, "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[t]he plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* It is not

3

sufficient to plead facts that are "merely consistent with" a defendant's liability. *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.    THE CAUSE OF ACTION FOR PRIMA FACIE TORT MUST BE DISMISSED

A claim for prima facie tort is "highly disfavored in New York." *Nevin v. Citibank, N.A.*, 107 F. Supp. 2d 333, 347-48 (S.D.N.Y. 2000). To plead a cause of action for prima facie tort, plaintiffs must allege four elements: "(1) the intentional infliction of harm, (2) causing special damages, (3) without excuse or justification, (4) by an act or series of acts that would otherwise be lawful." *Curiano v. Suozzi*, 63 N.Y.2d 113, 117 (1984). As detailed below, this cause of action fails for several reasons and must be dismissed.

### A.    A Lawsuit Cannot Serve As A Basis For Plaintiffs' Claim

Plaintiffs allege that their prima facie tort claim is based on the Rosses' pursuit of civil litigation involving the rent regulatory status of the Apartment. *See* SAC ¶¶ 54, 57, 58, 61-71. Even assuming that said pursuit was vexatious or meritless, and the Rosses deny any such suggestion, the claim must be dismissed.

The New York Court of Appeals has recognized that "New York courts have consistently refused to allow retaliatory lawsuits based on prima facie tort predicated on the malicious institution of a prior civil action." *Curiano*, 63 N.Y.2d at 118 (citing line of cases dismissing lawsuits based on prima facie tort claim); *see also Howard v. Block*, 90 A.D.2d 455, 455 (1st Dep't 1982) ("That prior actions were meritless or vexatious does not, without more, spell out prima facie tort."); *Ginsberg v. Ginsberg*, 84 A.D.2d 573, 574 (2d Dep't 1981) ("a cause of action for prima facie tort cannot be based on an allegation that the prior actions were vexatious and meritless."). For these reasons, the cause of action for prima facie tort must be dismissed. *See Margrabe v. Sexter & Warmflash, P.C.*, No. 07-CV-2798, 2009 WL 361830, at *8 (S.D.N.Y. Feb. 11, 2009) (dismissing prima facie tort claim, citing *Curiano*).

**B.     Plaintiffs' Claim Is Barred By The Applicable Statute Of Limitations**

Plaintiffs' cause of action further fails because it is time-barred.   The statute of limitations for a prima facie tort claim is one year. *See Russek v. Dag Media Inc.*, 47 A.D.3d 457, 458 (1st Dep't 2008) ("a cause of action for prima facie tort is governed by a one-year statute of limitations"); *see also Margrabe*, 2009 WL 361830, at *7 ("The statute of limitations for a prima facie tort is one year"); *Mo v. Chan*, 17 A.D.3d 356, 358 (2d Dep't 2005) (same); *Havell v. Islam*, 292 A.D.2d 210, 210 (1st Dep't 2002) (same).

Here, plaintiffs claim that they were damaged "by expending legal fees in excess of five hundred thousand ($500,000.00) Dollars; by realizing not less than two hundred seventy five thousand ($275,000.00) less than the potential purchase price of the building and approximately four hundred twenty thousand ($420,000.00) in lost rent and other special damages."  SAC ¶ 70.

(i) Lawsuit

Any claim for legal fees based upon the parties' ongoing legal dispute (*see* SAC ¶ 70) must fail for the reason articulated, *supra*, because a cause of action for prima facie tort cannot be based on an allegation that the prior action was vexatious and meritless.  *See Howard*, 90 A.D.2d at 455.

Moreover, plaintiffs claim injury as a result of conduct that allegedly occurred "during the course of years, from 2005 to 2012."  SAC ¶ 21; *see also* SAC ¶ 34 (stating that their claim arises from the Rosses' "almost decade long pursuit of the illusory rent regulatory status").  Even assuming that plaintiffs suffered harm from the Rosses' conduct, plaintiffs commenced litigation to recover possession of the Apartment "[i]n or about 2005" (*see* SAC ¶ 38), and any such harm could not have lasted beyond the date when plaintiffs sold the Property on December 7, 2011 (*see* SAC ¶ 33).

In addition, any such claim would have accrued years ago "when plaintiff[s] first bec[a]me[] entitled to maintain the action[,] i.e., when there [was] a determination favorable to plaintiff[s], notwithstanding the pendency of an appeal." *10 Ellicott Square Court Corp. v. Violet Realty, Inc.*, 81 A.D.3d 1366, 1369 (4th Dep't 2011) (citations omitted); *see also Reed Co. v. International Container Corp.*, 43 F. Supp. 644, 645 (1942) (accrual "when the plaintiff first becomes entitled to maintain the action . . . regardless of whether an appeal from the dismissal was taken or not"). Because plaintiffs did not commence this action until the filing of a Summons and Complaint in New York Supreme Court on July 24, 2013 (which the Rosses timely removed to this Court), their claim must be dismissed.

### (ii) Sale of Property

Plaintiffs alleged that they entered into a contract of sale for the Property during the pendency of the Housing Court Case (*see* SAC ¶ 28); that if the Property were conveyed free of the Rosses' possession, then the purchase price would be $5.4 million (*see* SAC ¶ 31); and that if the Property were not conveyed free of the Rosses' possession, then the purchase price would be $5.125 million (*see* SAC ¶ 32). The Property "was sold and the deed delivered on December 7, 2011." SAC ¶ 33. Plaintiffs commenced this lawsuit on July 24, 2013. As a result, this claim is untimely and must be dismissed.

### (iii) Alleged Lost Rent

Plaintiffs have alleged that their ongoing litigation with the Rosses affected their ability to rent the other apartments at the Property and that they "lost rent." SAC ¶ 70. Despite plaintiffs' lack of any specifics in the SAC as to, among other things, rental values or market prices (*see* discussion, *infra*), this claim fails because plaintiffs sold the Property in December 2011 and did not commence this lawsuit until July 2013.

### C.   Plaintiffs Fail To Allege The Requisite Intentional Infliction Of Harm

There is no allegation of the requisite intentional infliction of harm in the SAC. Moreover, plaintiffs' attempted allegations are wholly conclusory. "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002). Because conclusory allegations "will not suffice to prevent a motion to dismiss," this cause of action should be dismissed. *See Brown v. Mitchell-Innes & Nash, Inc.*, No. 06 Civ. 7871, 2009 WL 1108526, at *3 (S.D.N.Y. Apr. 24, 2009) (Crotty, J.) (citation omitted); *see also Roberts v. Pollack*, 92 A.D.2d 440, 447 (1st Dep't 1983) (reversing denial of motion to dismiss prima facie tort cause of action).

### D.   Plaintiffs Fail To Allege Lack Of Excuse Or Justification

It is well-established that "there is no recovery in prima facie tort unless malevolence is the sole motive for defendant's otherwise lawful act . . . ." *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314, 333 (1983). The "touchstone" of this tort is "disinterested malevolence," meaning that plaintiffs cannot recover unless the Rosses' conduct "was not only harmful, but done with the sole intent to harm." *Twin Labs., Inc. v. Weider Health & Fitness*, 900 F.2d 566, 571 (2d Cir. 1990) (citing *Burns*, 59 N.Y.2d at 333).

Here, there is no allegation that "disinterested malevolence" was the sole motivating factor behind the Rosses' conduct. In fact, plaintiffs plead themselves out of this cause of action by acknowledging that the parties were litigating over the "regulatory status of the [Apartment]." SAC ¶ 54. In addition, plaintiffs expressly allege that the Rosses claimed entitlement to "continued occupancy of the Apartment at a regulated rental rate" in connection with the parties' prior litigation (*see* SAC ¶ 39) and that such litigation arose from the Rosses' "claim of rent regulation and illegal overcharges." SAC ¶ 40.

"When there are other motives, such as profit, self-interest, or business advantage, there is no recovery under the doctrine of *prima facie* tort." *Marcella v. ARP Films, Inc.*, 778 F.2d 112, 119 (2d Cir. 1985); *see also Durham Indus., Inc. v. North River Ins. Co.*, 673 F.2d 37, 40 (2d Cir. 1982) ("a claim of prima facie tort does not lie where the defendant has any motive other than a desire to injure the plaintiff"); *Ticketmaster Corp. v. Lidsky*, 245 A.D.2d 142, 143 (1st Dep't 1997) ("The motion court also properly dismissed the . . . cause of action alleging prima facie tort since the basis for such claim cannot be a lawsuit.").

The Rosses' motivations were clear. They sought a reduction in rent, the continued occupancy of the Apartment, the recovery of the difference between the charged rent and regulated rent and the possible recovery of statutory (treble) damages. *See* Rimm Decl., Ex. C. This is fatal to plaintiffs' claim since New York courts have held that economic motives cannot form the basis for such a claim. The prima facie tort claim must be dismissed. *See Nevin*, 107 F. Supp. 2d at 347 (dismissal granted where defendants were "protecting their own financial, business or other self-interested motives"); *Cusimano v. United Health Servs. Hosps., Inc.*, 91 A.D.3d 1149, 1153 (3d Dep't 2012) (affirming dismissal of prima facie tort claim since "malevolence was not the sole motive").

### E.   Plaintiffs Fail To Plead Special Damages With Particularity

A stringent element of prima facie tort is an allegation of special damages, "fully and accurately stated with sufficient particularity as to identify and causally relate the actual losses to the allegedly tortious acts." *Broadway & 67th St. Corp. v. City of New York*, 100 A.D.2d 478, 486 (1st Dep't 1984). "[G]eneral allegations of lost sales from unidentified lost customers are insufficient." *DiSanto v. Forsyth*, 258 A.D.2d 497, 498 (2d Dep't 1999) (reversing denial of dismissal motion). "'Round figures' or a general allegation of a dollar amount as special

damages do not suffice." *Matherson v. Marchello*, 100 A.D.2d 233, 235 (2d Dep't 1984) (citation omitted).

Plaintiffs' allegations of damages fail to meet the requirement of particularity. As to legal fees, there is no indication as to the lawsuit or proceeding to which they relate or any link between the expenditure of any fees and the Rosses. In any event, any such attorney's fees incurred do not constitute special damages. *See Howard*, 90 A.D.2d at 455 ("attorney's fees incurred [in prior litigation] do not spell out special damages"). With respect to the Property's sale price, no contract of sale, deed or any closing document is attached to the SAC. In connection with alleged lost rent, no causal link is alleged between the Rosses' purported conduct and any loss of rent, and plaintiffs fail to identify, among other things, any specific apartments or tenants. *See Matherson*, 100 A.D.2d at 235 ("customers must be named and the losses itemized"). Similarly, no facts are supplied to support plaintiffs' suggestion of entitlement to other "special damages." SAC ¶ 71. For all of these additional reasons, the prima facie tort claim must be dismissed.

**III.   THE CAUSE OF ACTION FOR ATTORNEY'S FEES MUST BE DISMISSED**

Plaintiffs seem to suggest that they are seeking the recovery of attorney's fees relating to the Housing Court Case only, but they do not clearly state in the SAC whether they also seek attorney's fees in connection with the administrative proceeding before the DHCR or fees related to both the Housing Court Case and the DHCR proceeding. *See* SAC ¶¶ 78-80. In any of these situations, plaintiffs' request must be dismissed.

**A.   Housing Court Case**

To the extent that plaintiffs now seek the recovery of attorney's fees allegedly incurred in connection with the Housing Court Case, the request must be dismissed.

The New York Court of Appeals has long held that where a lease permits a landlord to recover attorney's fees, the claim for such fees must be asserted in the initial summary proceeding (here, the Housing Court Case). *See 930 Fifth Corp. v. King*, 42 N.Y.2d 886, 887 (1977). In *King*, plaintiff sought to recover such attorney's fees pursuant to a lease provision that had been incurred in a prior summary proceeding. *See id.* Finding that dismissal was proper, the Court held that "[f]ailure to make a claim for attorney's fees in the initial summary proceeding results in the splitting of a cause of action which is prohibited." *Id.; see also Century Factors, Inc. v. New Plan Realty Corp.*, 41 N.Y.2d 1040, 1041 (1977) (affirming dismissal because full claim must be asserted in the first action).

More recently, the Appellate Division, First Department, considered a situation remarkably similar to the instant one and concluded:

> Where a lease permits the landlord to recover an attorney's fee in the event of a tenant's default or eviction, the claim for such a fee must be asserted in the summary proceeding. Further, a separate, plenary action to recover that attorney's fee constitutes the splitting of a cause of action, which is prohibited.

*Landmark Props. v. Olivo*, 62 A.D.2d 959, 960-61 (1st Dep't 2009) (citations omitted); *see also O'Connell v. 1205-15 First Ave. Assocs., LLC*, 28 A.D.3d 233, 234 (1st Dep't 2006) (requiring plaintiff "to seek attorneys' fees within the action in which they were incurred, not a subsequent action"); *222 Bloomingdale Rd. Assocs. v. NYNEX Props. Co.*, 269 A.D.2d 525, 526 (2d Dep't 2000) (affirming dismissal because "[t]his action, in which the plaintiff seeks . . . to recover legal fees . . . incurred in bringing a prior action and defending against the defendant's counterclaims in that action, constitutes the splitting of a cause of action, which is prohibited.").

Here, plaintiffs were required to pursue their claim for attorney's fees before the Housing Court. Despite the fact that Brandt commenced a summary proceeding (*see* SAC ¶ 78) and

10

requested attorney's fees (*see* Rimm Decl., Ex. D), neither he nor his successors -- the plaintiffs in this action -- actually pursued their claim for attorney's fees in the Housing Court Case. Because plaintiffs are unable now to maintain a separate, plenary action before this Court to recover any attorney's fees, the cause of action for fees must be dismissed. *See Wavetree Corp. v. 136 Waverly Assocs.*, 258 A.D.2d 392, 392 (1st Dep't 1999) ("Although the subject lease agreement specifically grants plaintiff the right to seek attorneys' fees incurred in the event of any default by defendant, enforcement of the prohibition against the splitting of causes of action requires that such fees be sought within the action in which they are incurred, and not in a subsequent action.").

Moreover, plaintiffs' failure to prosecute their request for attorney's fees in the Housing Court Case operates as a waiver. *See Dunnan v. Dunnan*, 293 A.D.2d 345, 345 (1st Dep't 2002) (waiver on issue of attorney's fees by failure to object or to request a hearing). It is clear that plaintiffs never followed through with their request for such fees in the Housing Court Case. *See* Rimm Decl., Exs. H-I. Such conduct serves as an additional basis requiring dismissal of this cause of action.

In addition, plaintiffs' claim fails under the doctrine of res judicata. "Under the federal rules of res judicata, a subsequent lawsuit will be barred where the defendant can show: (1) an adjudication on the merits in the previous action; (2) that the previous lawsuit involved the plaintiffs, or those in privity with them; and (3) that the claims asserted in the subsequent suit were raised, or could have been raised, in the prior proceeding." *Greenwich Life Settlements, Inc. v. ViaSource Funding Group, LLC*, 742 F. Supp. 2d 446, 453 (S.D.N.Y. 2010) (citing *Allen v. McCurry*, 449 U.S. 90 (1980)). In this case, there was an adjudication in the Housing Court Case that was ultimately adverse to the Rosses; plaintiffs and the Rosses were parties to the

Housing Court Case; and plaintiffs actually raised -- but failed to pursue -- their claim for attorney's fees before in the Housing Court Case. *See* Rimm Decl., Exs. D, F, H-I.  It also is worthwhile to point out that in the litigation before the Housing Court, Brandt, initially, and then DIBA Family Limited Partnership and 170 East 75th LLC, subsequently, were represented by the same counsel who represents the latter two entities in this case. *See* Rimm Decl., Exs. E, G.  For this additional reason, this cause of action must be dismissed. *See Battery Park City Auth. v. Sikula*, 213 A.D.2d 273, 274 (1st Dep't 1995) (affirming application of res judicata to preclude claims "that were directly raised in the prior proceeding between these parties as well as those predicated on the same facts that could have been raised.").

Finally, plaintiffs are not entitled to attorney's fees related to the Housing Court Case because there was no "default" under the Lease.  Paragraph 20(A)(5) of the Lease provides that "legal fees" are available for "legal actions or proceedings brought by Owner against You because of a Lease default."  Rimm Decl. Ex. B.  The subject matter of the parties' litigation related to a bona fide dispute as to the status of the Apartment and whether the Apartment was rent stabilized. *See* Rimm Decl., Ex. C.  As a result, none of the situations set forth in Article 17 of the Lease is present here (*see* Rimm Decl., Ex. B), and the Rosses could not have been in default under the Lease.  For this additional reason, the motion should be granted.

### B.    Administrative Proceeding before the DHCR

Under New York law, a provision for payment of attorney's fees "should be construed strictly." *Andrews 44 Coffee Shops Inc. v. TST/TMW 405 Lexington, L.P.*, 40 A.D.3d 544, 545 (1st Dep't 2007); *Chessin v. N.Y.C. Conciliation & Appeals Bd.*, 100 A.D.2d 297, 305 (1st Dep't 1984) (attorney's fees available "only under express contractual obligation or specific statutory authority").  Here, neither the Lease nor the governing law provides any basis for recovery.

Under the Lease, plaintiffs may be entitled to attorney's fees "for defending lawsuits brought against Owner because of [tenant's] actions." Rimm Decl., Ex. B, § 20.A(5).  Plaintiffs did not defend a "lawsuit."  Instead, they appeared in an administrative proceeding and made presentations before an agency -- the DHCR.  *See Rizzo v. N.Y. State Div. of Hous. & Cmty. Renewal*, 16 A.D.3d 72, 75 (1st Dep't 2005)  (administrative proceeding before the DHCR); *see also Notre Dame Leasing Ltd. P'ship v. Division of Hous. & Cmty. Renewal*, 22 A.D.3d 667, 669 (2d Dep't 2005) (same).  The law is clear that an "administrative proceeding" is not a "lawsuit." *See Spear v. Town of West Hartford*, 954 F.2d 63, 66 (2d Cir. 1993) (distinguishing "civil lawsuits" from "administrative proceedings"); *Romano v. SLS Residential Inc.*, No. 07 Civ. 2034 (MHD), 2014 WL 667479, at *3 (S.D.N.Y. Feb. 14, 2014) (same).  Because the Lease does not expressly provide for recovery of attorney's fees for such an administrative proceeding, plaintiffs may not recover attorney's fees related to the DHCR proceeding.[3]

In addition, attorney's fees are not available to a landlord in connection with administrative proceedings before the DHCR.  *See East 55th St. Joint Venture v. Litchman*, 126 Misc. 2d 1049, 1051 (1st Dep't 1984) ("legal fees to prevailing landlords in administrative proceedings must be denied").  Because plaintiffs cannot recover attorney's fees for participating in the DHCR proceeding, their cause of action must be denied.

## IV.   THE REQUEST FOR PUNITIVE DAMAGES MUST BE DISMISSED

It is well-established that punitive damages are not recoverable on a claim for prima facie tort.  Instead, special damages are the only type of damages that may be recovered.  *See, e.g.,*

---

[3]  To the extent that the Lease may be considered ambiguous, such ambiguity must be construed in favor of the tenants -- the Rosses.  *See 151 West Assocs. v. Printsiples Fabric Corp.*, 61 N.Y.2d 732, 734 (1984); *Medallion Auto Inc. v. Sanders*, 272 A.D.2d 85, 85 (1st Dep't 2000).

*Brandt v. Winchell*, 3 N.Y.2d 628, 635 (1958) ("in a prima facie tort case we do not concern ourselves with any other type of damages"); *Bohm v. Holzberg*, 47 A.D.2d 764, 764 (2d Dep't 1975) ("Plaintiff's allegations contain no mention of special damage, but only of alleged compensatory and punitive damages. The law is clear that . . . only actual or special damages can be recovered" for prima facie tort); *Winderbaum v. Winderbaum*, 39 Misc. 2d 478, 480 (Sup. Ct. Bronx County 1963) ("the plaintiff seeks exemplary and punitive damages. This he may not have, for prima facie tort only actual damages may be recovered"). Accordingly, plaintiffs are not entitled to punitive damages, and their request must be dismissed.

In addition, to sustain a claim for punitive damages, plaintiffs must satisfy the high burden of showing "intentional or deliberate wrongdoing, aggravating or outrageous circumstances, a fraudulent or evil motive, or a conscious act that willfully and wantonly disregards the rights of another." *Don Buchwald & Assocs., Inc. v. Rich*, 281 A.D.2d 329, 330 (1st Dep't 2001); *see Pearlman v. Friedman Alpren & Green LLP*, 300 A.D.2d 203, 204 (1st Dep't 2002) (affirming dismissal of request for punitive damages for lack of requisite allegation). Plaintiffs' latest pleading, despite its request for punitive damages of not less than $5 million (*see* SAC, Demand for Judgment, p. 17), fails to allege any such conduct.

## V.  ANY REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED AS FUTILE

While it is within the sound discretion of the District Court to grant or deny leave to amend, *see McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), it is well-established that leave may be denied when amendment would be futile. *See Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).

Here, the motion to dismiss is focused on plaintiffs' third iteration of their pleading. Plaintiffs have amended their pleading two times, following the exchange of extensive pre-

motion letters before two judges of this Court. Simply put, three bites at the apple are sufficient; amendment would be futile, and any request for leave to replead should be denied. *See Estate of Gottdiener v. Sater*, No. 13 Civ. 1824 (LGS), 2014 WL 1100133, at \*14-\*15 (S.D.N.Y. Mar. 19, 2014) ("Where the problem with a claim is 'substantive,' 'better pleading will not cure it,' and '[r]epleading would thus be futile.'") (citation omitted).

## CONCLUSION

For the foregoing reasons, the Rosses respectfully request that the Court dismiss the Second Amended Complaint in its entirety, deny any leave to replead and grant such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        May 13, 2014

SULLIVAN & WORCESTER LLP

By:  _Harry H. Rimm_
     Harry H. Rimm
     Siobhan Briley

1633 Broadway
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001

*Attorneys for Defendants*
  *David Ross and Helen Werngren-Ross*

15