UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- x
DIBA FAMILY LIMITED PARTNERSHIP AND   :
170 EAST 75TH LLC,                    :
                                      :
            Plaintiffs,               :
                                      :   13 Civ. 6384 (LGS) (JLC)
        - against -                   :
                                      :
DAVID ROSS AND HELEN WERNGREN-ROSS,   :
                                      :
            Defendants.               :
                                      :
------------------------------------------- x


# REPLY MEMORANDUM OF LAW OF
# DEFENDANTS DAVID ROSS AND HELEN WERNGREN-ROSS
# IN FURTHER SUPPORT OF MOTION TO DISMISS


**SULLIVAN & WORCESTER LLP**

1633 Broadway
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001

*Attorneys for Defendants David Ross
and Helen Werngren-Ross*

**PRELIMINARY STATEMENT**

Plaintiffs finally conceded -- by failing to address in their opposition in any way whatsoever -- that their prima facie tort cause of action and request for punitive damages should be dismissed.  With respect to their other cause of action, which is one for attorney's fees, plaintiffs ignored longstanding New York Court of Appeals and Appellate Division precedent that precludes the recovery of such fees (i) sought in a separate and subsequent action; (ii) where the cause of action has been waived through a failure to prosecute; and (iii) when barred by the doctrine of res judicata.  For these reasons and the others detailed below, the cause of action for attorney's fees -- and the entire Second Amended Complaint -- should be dismissed with prejudice.

**ARGUMENT**

**I.    THE CAUSE OF ACTION FOR PRIMA FACIE TORT MUST BE DISMISSED**

In the face of governing case law, plaintiffs failed even to mention "prima facie tort" or their "First Cause of Action" in their opposition.  Plaintiffs thus conceded that (a) prima facie tort cannot be predicated on the pursuit of civil litigation; (b) their prima facie cause of action is barred by the applicable statute of limitations; (c) they failed to allege the requisite intentional infliction of harm; (d) they failed to allege lack of excuse or justification; and (e) they failed to plead special damages with particularity.  *See* Defendants' Memorandum of Law in Support of Motion to Dismiss, dated May 13, 2014 (the "Supporting Memo"), at 4-9.[1]  For these reasons, the cause of action must be dismissed.

---

[1] Defined terms used in this Reply Memorandum have the same meaning as those terms in the Supporting Memo.

## II. THE REQUEST FOR PUNITIVE DAMAGES MUST BE DISMISSED

Plaintiffs also failed even to mention "punitive damages" in their opposition. Again, plaintiffs have conceded that punitive damages are not recoverable on a claim for prima facie tort and that they failed to allege the requisite level of intentional or deliberate wrongdoing. *See* Supporting Memo at 13-14. For these reasons, the request must be dismissed.

## III. PLAINTIFFS' CONDUCT WARRANTS AN AWARD OF REASONABLE ATTORNEY'S FEES TO THE ROSSES

Even a cursory review of the relevant case law suggests that plaintiffs had no legal basis to initiate or continue to pursue their prima facie tort cause of action or request for punitive damages. But, here in this case, plaintiffs, had much more. In September 2013 (*see* Docket Entry Document #2), after this case was originally assigned to Judge Paul A. Crotty, the Rosses filed a pre-motion letter citing longstanding precedent supporting dismissal of the claim and the request. In December 2013, the Rosses served another pre-motion letter after this case was reassigned to Judge Lorna G. Schofield.

Even if plaintiffs and their counsel had overlooked the highlighted issues in filing their initial pleading, the Rosses repeatedly pointed out certain defects to plaintiffs, providing plaintiffs and their counsel the chance to review the Rosses' arguments and positions. In response, plaintiffs never withdrew their complaint. Instead, they amended their pleading two times after this case was reassigned from Judge Crotty, continued to pursue their prima facie tort claim and request for punitive damages through the filing of the Rosses' dismissal motion and then failed to respond to the portion of the Rosses' dismissal motion related to their claim and request.

Such conduct should not be condoned. The Rosses respectfully request reimbursement of reasonable attorney's fees incurred as a result of plaintiffs' conduct and are prepared to submit to

the Court detailed billing records reflecting the work -- related to prima facie tort and punitive damages -- expended on this motion so that an appropriate award may be calculated.

### IV. THE CAUSE OF ACTION FOR ATTORNEY'S FEES MUST BE DISMISSED

As noted previously (*see* Supporting Memo at 9; *see also* SAC ¶¶ 78-80), plaintiffs appear to suggest that they are seeking the recovery of attorney's fees relating to the Housing Court Case only.  Their opposition seems to confirm this suggestion, as plaintiffs have argued that they "started a legal proceeding for which it [sic] is entitled to recover legal fees." Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss, dated June 20, 2014 (the "Opposition Memo"), at 8.  Whether the fees sought pertain to the Housing Court Case and/or the administrative proceeding before the DHCR, plaintiffs' request must be dismissed.

#### A. The Housing Court Case

<u>Fee Splitting</u>

Plaintiffs cannot dispute that where a lease permits a landlord to recover attorney's fees, the claim for such fees must be asserted in the initial summary proceeding (here, the Housing Court Case).  *See 930 Fifth Corp. v. King*, 42 N.Y.2d 886, 887 (1977).  In a factually similar case, the Appellate Division, Second Department, concluded:

> Where a lease permits the landlord to recover an attorney's fee in the event of a tenant's default or eviction, the claim for such a fee must be asserted in the summary proceeding.  Further, a separate, plenary action to recover that attorney's fee constitutes the splitting of a cause of action, which is prohibited.

*Landmark Props. v. Olivo*, 62 A.D.3d 959, 960-61 (2d Dep't 2009) (citations omitted).  In their opposition, plaintiffs fail to counter this longstanding rule in any meaningful way or to cite to even one case offering any exception to the rule.  *See* Opposition Memo at 10.

3

Plaintiffs also ignored the other cited cases. *See* Supporting Memo at 10; *see also Century Factors, Inc. v. New Plan Realty Corp.*, 41 N.Y.2d 1040, 1041 (1977) (affirming dismissal because full claim must be asserted in first action); *O'Connell v. 1205-15 First Ave. Assocs., LLC,* 28 A.D.3d 233, 234 (1st Dep't 2006) (requiring plaintiff "to seek attorneys' fees within the action in which they were incurred, not a subsequent action"); *222 Bloomingdale Rd. Assocs. v. NYNEX Props. Co.*, 269 A.D.2d 525, 526 (2d Dep't 2000) (affirming dismissal because "[t]his action, in which the plaintiff seeks . . . to recover legal fees . . . incurred in bringing a prior action and defending against the defendant's counterclaims in that action, constitutes the splitting of a cause of action, which is prohibited.").

More recently, on July 8, 2014, Judge John G. Koeltl of this Court issued a decision in *Sorenson v. Wolfson*, No. 10 Civ. 4596, 2014 WL 3293537, (S.D.N.Y. July 8, 2014). In *Sorenson*, the moving party argued that its adversary's claim for attorney's fees incurred in defending state court actions should be dismissed because said claim could not be asserted in a subsequent federal suit. *See id.* at *4. Invoking the "rule against pursuing attorney's fees in a separate action," Judge Koeltl relied upon the Appellate Division opinions in *O'Connell* and *222 Bloomingdale Rd.* (*see supra*) and granted the movant's dispositive motion related to the fees claim. *See id.* at *5.

Because plaintiffs are unable now to maintain a separate, plenary action before this Court to recover any attorney's fees, this sounds the death knell for this cause of action for attorney's fees. *See Wavetree Corp. v. 136 Waverly Assocs.*, 258 A.D.2d 392, 392 (1st Dep't 1999) ("Although the subject lease agreement specifically grants plaintiff the right to seek attorneys' fees incurred in the event of any default by defendant, enforcement of the prohibition against the

splitting of causes of action requires that such fees be sought within the action in which they are incurred, and not in a subsequent action.").

Waiver

Plaintiffs failed to address the Rosses' waiver argument, a sound one in light of plaintiffs' failure to prosecute and failure to request a hearing in connection with their request for attorney's fees made in the Housing Court Case.  *See Dunnan v. Dunnan*, 293 A.D.2d 345 (1st Dep't 2002); *see also* Declaration of Harry H. Rimm, executed on May 13, 2014 (the "Rimm Decl."), Exs. H-I.  Such conduct serves as an alternative basis for dismissal.

Res Judicata

There was an adjudication in the Housing Court Case that was ultimately adverse to the Rosses; plaintiffs and the Rosses were parties to the Housing Court Case; and plaintiffs actually raised -- but failed to pursue -- their claim for attorney's fees before the Housing Court Case.  *See* Rimm Decl., Exs. D, F, H-I.  These are the three elements required to establish res judicata.

Moreover, in the Housing Court Case, Brandt, initially, and then DIBA Family Limited Partnership and 170 East 75th LLC, subsequently, had their interests represented -- represented by the same counsel who now represents the latter two entities in this case.  *See* Rimm Decl., Exs. E, G.  There is no doubt that "the precluded party's interests have been represented in a previous lawsuit." *Chase Manhattan Bank v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995) (citation omitted).  For this added reason, this cause of action for attorney's fees must be dismissed.  *See Battery Park City Auth. v. Sikula*, 213 A.D.2d 273, 274 (1st Dep't 1995) (affirming application of res judicata to preclude claims "directly raised in the prior proceeding between these parties as well as those predicated on the same facts that could have been raised.").

The Lease

Plaintiffs also are not entitled to attorney's fees related to the Housing Court Case because there was no "default" under the Lease. It is the specific language of the Lease that governs, not the language in leases before other courts. *See* Opposition Memo at 2. Paragraph 20(A)(5) of the Lease provides that "legal fees" are available for "legal actions or proceedings brought by Owner against You because of a Lease default." Rimm Decl. Ex. B. The subject matter of the parties' litigation related to a bona fide dispute as to the status of the Apartment and whether the Apartment was rent stabilized. *See* Rimm Decl., Ex. C. As a result, none of the situations set forth in Article 17 of the Lease is present here (*see* Rimm Decl., Ex. B), and the Rosses could not have been in default under the Lease. For this fourth reason, the cause of action for attorney's fees must be dismissed.

B.   The Administrative Proceeding before the DHCR

In opposition, plaintiffs failed to address the fact that neither the Lease between the parties nor New York law provides any basis for recovery of attorney's fees related to the DHCR proceeding. *See* Opposition Memo at 8-14. First, as the Rosses noted, a provision for the payment of fees is to be strictly construed, and, if ambiguous, construed in the tenants' favor (*see* Supporting Memo at 12 & n.3); plaintiffs ignored the three supporting cases. Second, plaintiffs failed to address the Rosses' contention -- consistent with the language of the Lease -- that an appearance in an administrative proceeding is not the same as the defense of a "lawsuit" (*see* Supporting Memo at 13); plaintiffs also ignored the four supporting cases.

Plaintiffs take issue (*see* Opposition Memo at 9-10) with the notion that attorney's fees are not available to a landlord in connection with an administrative proceeding before the DHCR. *See East 55th St. Joint Venture v. Litchman*, 126 Misc. 2d 1049, 1051 (1st Dep't 1984).

6

In the face of *Litchman*, which remains good law, plaintiffs have suggested: "To the extent that dicta in that [*Litchman*] case is otherwise in accord with the Defendants' contentions, it has been called into doubt by the cases cited in the preceding paragraph." Opposition Memo at 10. The "preceding paragraph," however, cites to two Civil Court decisions and one Supreme Court case and suggests "see[ing]" the discussion from the Civil Court, even though *Litchman* is a case from the First Department. *See* Opposition Memo at 9.

Moreover, neither of plaintiffs' cases addresses the precise issue here: the availability of *contractual* attorney's fees to a *landlord* in connection with a DHCR proceeding. Instead, both cases involve the award of *statutory* attorney's fees to a *tenant*, pursuant to Section 234 of the Real Property Law. *See 119 Fifth Avenue Corp. v. Berkhout*, 134 Misc. 2d 963, 967 (Civ. Ct., N.Y. County 1987) (awarding statutory attorney's fees to tenants under Section 234 for prevailing against landlord in administrative proceeding before the Loft Board); *Matter of Bridgeview Garden Apartments LLC v. New York State Div. of Housing and Community Renewal*, 9 Misc. 3d 1107(A) (Sup. Ct. Richmond County 2005) (awarding statutory attorney's fees to tenants for prevailing against landlords in DHCR proceedings).

Finally, in *Litchman*, the First Department held that "legal fees to prevailing landlords in administrative proceedings must be denied" based on public policy: to encourage "litigants to resort to the administrative process to resolve their disputes" and noting that "[t]he threat of onerous attorney's fees in the event of an adverse determination might well have a chilling effect upon parties taking their grievance to the administrative body expressly established to adjudicate those grievances." *Litchman*, 126 Misc. 2d at 1051. Those same principles govern here.

Because plaintiffs cannot recover attorney's fees for participating in the DHCR proceeding, their cause of action must be dismissed.

### V. LEAVE TO AMEND SHOULD BE DENIED AS FUTILE

Plaintiffs have failed to request leave to amend the Second Amended Complaint, which is the third iteration of their pleading. In any event, amendment would be futile, and leave should not be granted. *See* Supporting Memo at 14-15.

### CONCLUSION

For the foregoing additional reasons, David Ross and Helen Werngren-Ross respectfully request that the Court dismiss the Second Amended Complaint in its entirety, award attorney's fees to the Rosses and grant such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
         July 14, 2014

**SULLIVAN & WORCESTER LLP**

By: */s/Harry H. Rimm*
    Harry H. Rimm

1633 Broadway
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001

*Attorneys for Defendants
 David Ross and Helen Werngren-Ross*

8