UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
DIBA FAMILY LIMITED PARTNERSHIP,                            :
*et al.,*                                                    :
                                        Plaintiffs,         :        13 Civ. 06384 (LGS)
                                                            :
                     -against-                              :        MEMORANDUM
                                                            :        OPINION AND ORDER
DAVID ROSS, *et al.,*                                       :
                                        Defendants.         :
                                                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/2014

LORNA G. SCHOFIELD, District Judge:

This action arises out of long-standing efforts by Plaintiffs, Diba Family Limited Partnership and 170th East 75th LLC, to remove Defendants, David Ross and Helen Werngren-Ross, as tenants in a residential building that Plaintiffs owned. The Complaint (1) alleges a prima facie tort, (2) seeks attorneys' fees that Plaintiffs incurred and (3) requests punitive damages. Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, Defendants' motion is granted.

**BACKGROUND**

The facts below are taken from the Complaint and documents incorporated by reference in or integral to the Complaint. These facts are assumed to be true for purpose of this motion.

Plaintiffs owned the property (the "Property"), a townhouse with residential units, located at 170 East 75th Street in New York, New York. The facts in this matter are somewhat involved insofar as, during the pendency of the underlying holdover action in state court, the Property changed hands twice. The Property was first owned by Arthur Brandt, then sold by Brandt to Plaintiffs, and finally sold by Plaintiffs to Hayim and Danielle Grant (the "Grants").

In March 2001, Arthur Brandt, the former owner of the Property, entered into a lease

agreement (the "Lease") with Defendant Helen Werngren-Ross for Apartment 2A (the "Unit") at the Property.

The Lease provides that the tenant defaults if he or she "fail[s] to carry out any agreement or provision of this Lease."  It further provides that the tenant "must reimburse [the] Owner for . . . [a]ny legal fees and disbursements for legal actions or proceedings brought by [the] Owner against [the tenant] because of a Lease default by [the tenant] or for defending lawsuits brought against [the] Owner because of [the tenant's] actions."

The Lease was renewed until 2004, when Brandt, the landlord, chose not to renew the Lease.  Defendants refused to give up possession of the apartment.  In the fall of 2004, Brandt commenced a holdover, or eviction, action in housing court against Defendants, which was refiled for procedural reasons a year later.  Brandt argued that the lease was not required to be renewed and sought possession of the Unit.  Brandt also requested attorneys' fees and expenses incurred in the holdover proceeding.  Defendants countered that they were legally entitled to renew the lease under New York City's rent regulatory scheme.

In August 2006, the housing court stayed the holdover action, while the New York State Department of Housing and Community Renewal ("DHCR") adjudicated a petition filed by Defendants, asserting that the Unit was covered by rent stabilization regulations and seeking recovery of allegedly illegal rent overcharges.

During the period between 2006 and 2012, while the housing court action was stayed, the Property changed hands twice.  This change of ownership was duly reflected in the caption of the stayed housing court action.  By order dated October 6, 2011, the housing court replaced Brandt with Plaintiffs as petitioners in the holdover action against the Defendants.  By order dated June

22, 2012, the housing court replaced Plaintiffs with the Grants as petitioners in the holdover action.

The DHCR ultimately denied Defendants' petition and found that the Property was not subject to rent stabilization.  That decision became final on October 5, 2012, after various unsuccessful efforts by Defendants to challenge it.

On October 15, 2012, the housing court granted summary judgment on the holdover petition and directed the issuance of an eviction warrant against Defendants.  The court's decision provided for "a hearing with respect to . . . attorneys fees to be awarded to petitioner as prevailing party herein."  It appears either that no such hearing took place or that the prior petitioners in the action -- Brandt and Plaintiffs -- did not participate.

By stipulation dated October 15, 2012, the Grants and Defendants settled the outstanding issues in the October 15, 2012, order, including attorneys' fees.  The stipulation provided, inter alia, that Defendants "consent to the entry of a money judgment in the amount of $30,000.000 representing attorneys fees for this proceeding . . . ."  The stipulation further provided, "Nothing contained herein shall waive, release or compromise any claims by or against the prior owner."  Defendants subsequently vacated the Unit.

**STANDARD**

On a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party.  *See Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 68 (2d Cir. 2014).  In determining the adequacy of the complaint, courts may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint.  *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d

Cir. 2005); *see also Oppenheimer & Co. v. Trans Energy, Inc.*, 946 F. Supp. 2d 343, 348

(S.D.N.Y. 2013) ("[W]here, as here, certain contracts are integral to the complaint, a court may

consider those documents when assessing the merits of the motion to dismiss.") (quoting

*Interpharm, Inc. v. Wells Fargo Bank*, 655 F.3d 126, 141 (2d Cir. 2011)).  Courts may also take

judicial notice of matters of public record, including court rulings, when considering motions to

dismiss.  *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

    To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Keiler*, 751 F.3d at 68.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  Rule 8 of the Federal Rules of Civil

Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'"  *Anderson News, L.L.C. v. Am.*

*Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

    A federal court sitting in diversity applies the choice of law rules of the forum state.  *See*

*In re Coudert Bros. LLP*, 673 F.3d 180, 186 (2d Cir. 2012) (citing *Klaxon Co. v. Stentor Elec.*

*Mfg. Co.*, 313 U.S. 487, 496 (1941)).  Thus, New York choice-of-law principles apply here.

Through an "'interest analysis' approach, New York courts seek to apply the law of the

jurisdiction with the most significant interest in, or relationship to, the dispute."  *White v. ABCO*

*Eng'g Corp.*, 221 F.3d 293, 301 (2d Cir. 2000) (citing *Babcock v. Jackson*, 12 N.Y.2d 473, 481–

82 (1963)).  New York substantive law applies because the Unit in question is located in New

York and all of the events at issue appear to have occurred in New York.

## DISCUSSION

### I.     Prima Facie Tort

The prima facie tort claim is dismissed as abandoned.  District courts have the discretion to "deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."  *Lipton v. County of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004); *accord Bonilla v. Smithfield Assocs. LLC*, 09 Civ.1549 (DC), 2009 WL 4457304, at *4 (S.D.N.Y. Dec. 4, 2009) (Chin, D.J.) (holding that plaintiff "effectively abandoned" claims because plaintiff failed to respond to arguments in defendants' motion to dismiss); *Hanig v. Yorktown Cent. Sch. Dist.*, 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) (same).

Here, Plaintiffs devote their entire opposition brief to sustaining their claim for legal fees; Plaintiffs do not address their prima facie tort claim at all.  Indeed, in a discovery response dated July 14, 2014, Plaintiffs communicated to Defendants that "the First Cause of Action," the prima facie tort claim, "has been discontinued."  Accordingly, Plaintiffs' prima facie tort claim is dismissed.

### II.    Punitive Damages

Plaintiffs likewise do not mention their request for punitive damages in their opposition brief.  Plaintiffs' request for punitive damages therefore is also dismissed as abandoned.

### III.   Attorneys' Fees

Plaintiffs vigorously maintain the viability of their sole remaining claim, for attorneys' fees.  This claim also fails because New York law requires that a claim for attorneys' fees be brought in the same action for which the fees are sought.

Plaintiffs' Second Cause of Action seeks reimbursement for "contractual attorneys' fees" incurred by Plaintiffs and their predecessor, Arthur Brandt, in the housing court holdover

proceeding commenced by Brandt.  Plaintiffs' legal fees are, or were, recoverable under an express provision of the lease agreement, which is quoted above.

While Plaintiffs' attorneys' fees are in theory recoverable under the lease agreement, they cannot be recovered in this action.  It is well settled that New York law prohibits splitting causes of actions.  Plaintiffs may enforce the terms of a single obligation -- here the lease -- in only one action; they may not bring separate actions to enforce individual components of an obligation. *See Roe v. Smyth*, 278 N.Y. 364, 369 (1938) ("Since the . . . obligation, though consisting of two promises, is a single obligation which may be enforced in a single suit, the plaintiff was bound to assert his full claim in the earlier action."); *see also 930 Fifth Corp. v. King*, 42 N.Y.2d 886, 887 (1977) ("The lease entails a single obligation which thus requires the plaintiff to assert its entire claim in one action.").  The rule seeks to "prevent[] vexatious and oppressive litigation" and promote efficiency.  *Kennedy v. City of New York*, 196 N.Y. 19, 22 (1909).  In particular, "[w]here a lease permits the landlord to recover an attorney's fee in the event of a tenant's default or eviction, the claim for such a fee must be asserted in the summary proceeding." *Landmark Props. v. Olivo*, 62 A.D.3d 959, 960-61 (N.Y. App. Div. 2009) (citations omitted).  "[A] separate, plenary action to recover that attorney's fee constitutes the splitting of a cause of action, which is prohibited." *Id.* at 961 (citation omitted); *accord 930 Fifth Corp.*, 42 N.Y.2d at 887 ("Failure to make a claim for attorney's fees in the initial summary proceeding results in the splitting of a cause of action which is prohibited." (citation omitted)); *Simithis v. 4 Keys Leasing & Maint. Co.*, 151 A.D.2d 339, 341 (N.Y. App. Div. 1989) (splitting cause of action prohibited).

A plaintiff "waive[s] any right . . . to an evidentiary hearing on the issue of attorneys' fees by failing to . . . request such a hearing." *Dunnan v. Dunnan*, 293 A.D.2d 345, 345 (N.Y. App. Div. 2002); *accord Maplewood Mgmt. v. Jackson*, 113 Misc. 2d 142, 147 (N.Y. Dist. Ct. 1982)

("Failure to make a claim or to recover attorney's fees or late charges in previous actions precludes petitioner-landlord from now splitting the cause of action and seeking those fees in this proceeding."); *Seventy-Second St. Props., Inc. v. Woods*, 67 Misc. 2d 539, 543 (N.Y. Civ. Ct. 1971) ("Having chosen not to seek the attorney's fees in that proceeding the petitioner is bound by its election and may not now violate the rule against splitting causes of action by commencing the instant proceeding.").

Here, the claim for attorneys' fees was made in the holdover action, and the housing court awarded fees subject to their determination at a hearing. All three of the building owners who were successive petitioners in the holdover proceedings -- Brandt, Plaintiffs, and the Grants -- could have participated in such a hearing to prove their reasonable attorneys' fees. Instead, however, there was no hearing or only the Grants participated. Only the Grants entered into a stipulation of settlement with the Defendants to recoup the fees they had incurred. Plaintiffs cannot now, in this subsequent proceeding, revive their claim for attorneys' fees. To allow the claim to proceed would violate New York law that prohibits splitting causes of action.

In their opposition brief, Plaintiffs try to broaden their claim to include fees incurred in the DHCR proceeding. This effort is academic because the claim-splitting prohibition applies equally to the holdover action and the DHCR administrative proceeding, and bars the recovery of legal fees in this later action.

Plaintiffs argue that they should be exempt from the claim-splitting prohibition because they were no longer parties to the holdover action by the time the housing court issued its order permitting the recovery of attorneys' fees as determined at a hearing. However, nothing prohibited Plaintiffs from appearing at a hearing and submitting their expenses for reimbursement.

Plaintiffs further argue that their right to assert the claim is preserved by language in the stipulation of settlement between the Grants and Defendants, which states that "[n]othing contained [in the stipulation] shall waive, release or compromise any claims by or against the prior owner." This argument is incorrect because no one is arguing that the Grants' settlement released or extinguished Plaintiffs' claims. Instead, a legal doctrine of repose -- the doctrine that prohibits the splitting of causes of action -- bars Plaintiffs' attorneys' fee claim.

Accordingly, Defendants' motion to dismiss Plaintiffs' claim for attorneys' fees is granted.

## IV.   Defendants' Request for Attorneys' Fees

In their motion papers, Defendants seek to recoup the attorneys' fees they incurred in the instant litigation. Defendants argue that Plaintiffs brought frivolous claims in this action and that "[s]uch conduct should not be condoned." This argument fails.

It is well established that, under the "American Rule," "the prevailing party in federal court litigation generally cannot recover attorneys' fees." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 344 (2d Cir. 1986). Courts do, however, "have the power to award attorneys' fees to a successful litigant when his opponent has commenced or conducted an action in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (internal quotation marks omitted). The Second Circuit has "declined to uphold awards under the bad-faith exception absent . . . clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment or delay or for other improper purposes . . .." *Id.* (internal quotation marks, citations, and alterations omitted).

Defendants have failed to meet this high standard. Their request for attorneys' fees is therefore denied.

8

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED.  Defendants' request for attorneys' fees is DENIED.  The Clerk of the Court is directed to close the motion at Docket No. 27 and to close the case.

SO ORDERED.

Dated: October 27, 2014
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

9