N.Y.S.D. Case #
13-cv-6384(LGS)

**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 4th day of June, two thousand fifteen.

Present:   AMALYA L. KEARSE,
           ROSEMARY S. POOLER,
           CHRISTOPHER F. DRONEY,
                        *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 25, 2015

_____

DIBA FAMILY LIMITED PARTNERSHIP,
170 EAST 75TH LLC,

                *Plaintiffs-Appellants*,

                v.                                                                        14-4337-cv

DAVID ROSS, HELEN WERNGREN-ROSS,

                *Defendants-Appellees*.
_____

Appearing for Appellants:      Robert J. Gumenick, New York, NY.

Appearing for Appellees:       Harry H. Rimm, Sullivan & Worcester LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Schofield, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-Appellants Diba Family Limited Partnership and 170 East 75th LLC (collectively, "Diba") appeal from the October 27, 2014 memorandum opinion and order and October 28, 2014 judgment of the United States District Court for the Southern District of New York (Schofield, *J.*) granting Defendants-Appellees David Ross and Helen Werngren-Ross's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review. We affirm the dismissal of the complaint for the following reasons.

First, like the district court, we conclude that Diba's claim for attorney's fees is barred by New York's claim-splitting doctrine. New York law requires landlords to raise claims for contractual attorney's fees in the underlying proceeding seeking to enforce the terms of the lease, and not in a subsequent action. *See 930 Fifth Corp. v. King*, 42 N.Y.2d 886, 887 (1977) ("The lease entails a single obligation which thus requires the plaintiff to assert its entire claim in one action. Failure to make a claim for attorney's fees in the initial summary proceeding results in the splitting of a cause of action which is prohibited.") (internal citation omitted).

Diba has failed to show that any exception to the claim-splitting doctrine applies where, as here, landlords sell property while the original action to enforce a lease remains pending. Indeed, Diba could have easily protected its interest in its attorney's fees without the need for the present proceeding. Most obviously, Diba's sale contract with the Grants could have explicitly provided for recovery of its attorney's fees in the underlying proceeding, obviating the need for a subsequent proceeding for these fees. And although a former landlord is not entitled to maintain a summary proceeding to recover possession of leased property after parting with title to the premises, *see* N.Y. Real Prop. Acts. Law § 721, Diba has not cited, and we have not found, any authority for the proposition that a former landlord may not remain a party to a properly commenced proceeding for the purpose of recovering previous expenditures for attorney's fees, if it remains entitled to such a recovery. Thus even taking all the allegations in the complaint as true and drawing all reasonable inferences in Diba's favor, *see Sherman v. Town of Chester*, 752 F.3d 554, 560 (2d Cir. 2014), we reject Diba's claim that it was foreclosed from recovering attorney's fees in the absence of the present proceeding.

Second, Diba states that its "claim for legal fees accrued after judgment in the eviction case" (Plaintiffs' brief on appeal at 16), a judgment that was entered on October 15, 2012. However, Diba had sold the property on December 7, 2011 (Second Amended Complaint ¶ 33); the contract of sale provided that Diba "retained" "all rights against the Defendants *accruing prior* to the date of the transfer of title" (*id.* ¶ 29 (emphasis added)); and prior to the October 2012 judgment evicting the defendants, Diba had "*assign[ed] to [the buyers]* . . . all right . . . under the Leases, *accruing from and after the date hereof*" (February 7, 2012 Assignment ¶ 1 (emphases added)). Thus, to the extent Diba's claim for legal fees accrued after the entry of judgment in the eviction case, that claim accrued subsequent to the date of the contract of sale and was not retained by Diba.

We have considered the remainder of Diba's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Diba's motion for entry of default is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit